LAURA PATTERSON v. IDA MITCHELL, Executrix.

Middle Section.    March 1, 1929.

C. H. Rutherford, of Nashville, for plaintiff in error, Patterson.
Bass, Berry & Sims, of Nashville, for defendant in error, Mitchell.

CROWNOVER, J. This was an issue of devisavit vel non upon the will of Mattie Gordon, deceased. The grounds of contest were that the testatrix was of unsound mind and that the will was procured by fraud and undue influence on the part of the defendant in error Ida Mitchell. It was submitted to a jury of Davidson County at the February term, 1928 of the circuit court, before Judge E. F. Langford. The verdict and judgment were in favor of the will. The contestant's motion for a new trial being overruled she appealed in error to this court, and has assigned fourteen errors which go to the propositions:

(1) That there is no evidence to support the verdict.

(2) That the court erred in admitting the testimony of defendant Ida Mitchell to set up the will.

(3) That the court erred in his charge to the jury with respect to the proof necessary to set up a will, and in his definition of undue influence.

(4) That the court erred in refusing to charge certain special requests.

(5) That the court erred in refusing to grant a new trial on the grounds of newly discovered evidence.

The facts necessary to be stated are that the deceased Mattie Gordon, and the defendant Ida Mitchell were remotely related and had been raised in the same neighborhood near Lynnville, Tennessee. The deceased moved to Nashville and the defendant went elsewhere, until sometime before the testatrix died. The proof does not show the age of the testatrix but she was a woman past middle age and had no children. She had accumulated some property consisting of a house and lot, some household goods and some little money, but within the

last few years of her life she had become afflicted with goitre, heart disease, and fibroid tumors on her abdomen which had become cancerous. She had lived in her home until sometime in October, 1924, when she was removed to Hale's Infirmary, where she stayed until she died on December 16, 1924. She had mentioned making a will several times to Ida Mitchell and proposed to make her chief beneficiary, but Ida Mitchell had refused to permit her to do so on the ground that it would cause a row among her relatives, but sometime before the will was executed she requested the defendant to have her will written, in which she proposed to give all of her property to the defendant, thereupon the defendant, who was a cook for Mrs. Cecil Sims, had Mr. Sims to write the will leaving the names blank, which proposed will she carried to the hospital, gave it to the testatrix, who read it and said that that was just what she wanted. The will was left with the testatrix, who summoned A. Porter Jackson, a son of the defendant, to witness the will and asked him to call in Henry Satterfield to also witness the will, which was done, and on November 20, 1924, Mattie Gordon signed said will in the presence of said two witnesses and requested them to sign as witnesses, which they did in her presence and in the presence of each other.

By the terms of said will Mattie Gordon devised and bequeathed all of her property to the defendant Ida Mitchell, and appointed her executrix without bond.

The contestant Laura Patterson was an aunt of the testatrix and filed this contest with the result hereinabove stated.

The first three assignments of error go to the proposition that there was no evidence to support the verdict, not sufficient evidence in the record to support the will, and that the weight of the evidence is against the will. The contestant insists that it is not shown that the testatrix had any knowledge of the contents of the will or that she knew that she was signing a will as she never referred to it as a will. These three assignments of error must be overruled as there is material testimony in the record to support the verdict. The proper execution of the will and the capacity of the testatrix to make a will were duly proven by the attesting witnesses. It clearly appears from the statements of these two witnesses that they were both present when Mattie Gordon signed the will and that she requested them to witness it and that they did so in her presence and in the presence of each other. They both testified that in their opinions she was of sound mind when the will was signed. As a matter of fact there were three other witnesses, R. B. Kelly, Dr. Senior and the defendant Ida Mitchell, who testified that the testatrix was of sound mind. She requested Ida Mitchell to have the will written, told her that she wanted to make her the sole beneficiary of the will. After it was drafted Ida Mitchell carried it to her at the hospital. She read it over and said

that it was just what she wanted. She could read and write, and understood its contents, as it is written in plain, every-day English, and the evidence shows that she knew what she was doing. The witnesses say that she produced the will signed it in their presence and requested them to sign it, which they did in her presence and in the presence of each other. We think from their testimony it is plain that she knew the contents of the will and knew that she was executing it. Hence, these three assignments of error must be overruled.

The assignments of error numbers four, five, six and eleven are to the effect that the Trial Judge erred in permitting the executrix who was also the beneficiary under the will to testify as to the transactions and oral conversations with the deceased for the reason that such testimony was incompetent under the provisions of section 5598 of Shannon's Code of Tennessee, which provides that:

"In actions or proceedings by or against executors, administrators or guardians in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party."

This case does not come within the provisions of the above statute as it is not an action by or against executors, administrators, etc. within the meaning of this statute.

"On an issue of devisavit vel non, the devisees and legatees on one hand, and the heirs and distributees on the other, are competent witnesses to prove the declarations or statements of the testator, where they are otherwise admissible; and even a legatee who is administrator of the testator is also a competent witness on such issue. This kind of proceeding is not an action by or against the executor or administrator, in the sense of this statute." See Shannon's Code, sec. 5598, note 29; Beadles v. Alexander, 9 Bax., 604; Orr v. Cox, 3 Lea, 619; Davis v. Davis, 6 Lea., 543; Bank v. O'Brien, 10 Pick., 41.

These assignments of error must be overruled.

The seventh assignment of error goes to the proposition that the court erred in failing to instruct the jury that the plaintiff must prove that the will had been signed in the presence of the witnesses and that the witnesses signed at the request of the testatrix. We think that this assignment is not well made for two reasons: (1) because the court in substance charged this as the law; and (2) the defendant did not make any special request on this proposition.

By the eighth assignment of error it is insisted that the court's charge was misleading and confusing with respect to the following paragraph:

"By undue influence, gentlemen, is meant, as I explained to you, subjecting the will of the other person to the will of the person who is influencing, and it would not be considered, as a matter of law, gentlemen, that attachments of kindnesses, or gifts, love and affection, would be a fraud or would be an influence that within itself would be sufficient within the law to show that undue influence was used. The mere doing of those things, what I am working to get to, the mere fact of being kind, the mere fact of being attached to one, the mere fact of being appreciative and showing appreciation, as a matter of law, within itself, would not be sufficient to carry with it fraud or undue influence."

By taking the other sections of the charge wherein the court defined undue influence and fraud correctly, we think there is no confusion in this respect, hence this assignment of error must be overruled.

The ninth assignment is that the court erred in refusing to charge plaintiff's special request to the effect that where insanity is shown to have existed before the making of the will, the burden of proving testamentary capacity at the time of the making of the will is shifted to the proponents. This assignment is not well taken because there is no proof to show that Mattie Gordon was insane at any time before the making of the will.

The tenth assignment of error is that the court erred in refusing to charge plaintiff's special request to the effect that where the testatrix is in extreme old age, more or less imbecile, illiterate and surrounded by interested parties, that knowledge of the contents of the will must be fully and satisfactorily proved by the proponents, that they must not only prove the due execution of the will, but must prove the testator's knowledge of and consent to the contents of the will. This assignment is not well made because the court in substance charged this request.

The eleventh assignment is that the court erred in failing to charge the special request to the effect that the executrix cannot testify in any respect as to the transactions or statements made by the testator. This assignment is not well taken for the reasons hereinabove set out, and must therefore be overruled.

The twelfth assignment is that the court erred in refusing to charge the special request that if the testatrix from either disease or age was decrepit and in bad physical condition or any other suspicious circumstances surrounded the case at the time of the making of the will, the proponent must in addition prove the testatrix's knowledge of and consent to the contents of the will. This assignment is not well taken because the court fully charged the law on this subject to the jury.

The assignments thirteen and fourteen, to the effect that the court erred in failing to grant the plaintiff in error a new trial on the ground of newly discovered evidence, are not well taken because the new evidence is on a collateral issue. It is shown by this new evidence that the executrix only sent one money order for $2 from Obion County to the testatrix at Nashville. Ida Mitchell testified generally that she had always been kind to the deceased and on numerous occasions had sent her money, and filed letters from the deceased acknowledging the receipt of money. She testified that on one occasion she sent two money orders to the deceased, one for $2 and one for $12. While the incident occurred several years before the trial, she was positive she had sent two and gave as her reason that she had reserved $2 to pay for a pair of shoes, but had later changed her mind and sent the money order to Mattie Gordon. On the motion for new trial it was shown that she had sent only one money order for $2 to the testatrix, and that she had sent the other money order of $12 to her own daughter-in-law, and now it is insisted that a new trial should have been granted on the ground that she had testified to having sent two. The principal issue in this case was devisavit vel non, that is, whether or not the paper produced was in fact the last will and testament of Mattie Gordon. Whether or not the executrix was kind to Mattie Gordon and sent her money on various occasions, was purely a collateral issue. The purpose of the testimony was to show the relation between the parties. Whether she sent one money order or two money orders is wholly immaterial—the fact that she did send money was the essential fact to show the relation between the parties. It is clear that the Trial Judge did not abuse his discretion in declining to grant a new trial upon this collateral issue, especially where the will was set up and properly proven, and its execution properly proven by other witnesses. These two assignments must be overruled.

In passing on these assignments of error we have done so on the assumption that the bill of exceptions showed that it contained all the evidence. But by an examination of the bill of exceptions it will be seen that just before the charge to the jury it contains the following statement "this was all the evidence in the case taken on February 22, 1928." This would be sufficient had the case been tried and all the evidence adduced on that date. But by an examination of the record it will be seen that the minutes of the court show that the jury was impaneled on February 21, 1928, and "they having heard part of the evidence were by the court respited from the further consideration of this case until the meeting of court tomorrow morning." The next entry is that on February 22, 1928 the jury having heard the conclusion of the evidence was again respited until the next morning when the case was concluded and the jury returned its verdict. It will thus be seen that some of the evidence was given to the jury on

February 21st, and we think that the recital that "this was all the evidence in the case taken on February 22, 1928" is not sufficient as the record shows that there was other evidence adduced on February 21st. The bill of exceptions does not show what testimony was introduced on that date.

It results that all the assignments of error are overruled and the judgment of the lower court sustaining the will must be affirmed, and the cause remanded to the circuit court of Davidson County. It is ordered that the original will accompany the procedendo with direction that proper orders be entered in that court transferring said will to the county court for record. The cost of the cause, including the cost of the appeal is adjudged against the plaintiff in error, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.