JUSTICE et al. v. HENLEY et al.—181 S. W. (2d) 632.

Middle Section. March 18, 1944.

Petition for Certiorari denied by Supreme Court, July 1, 1944.

J. F. Doty and M. S. Ross, both of Nashville, for appellants.

Jeff D. Fults, of Tracy City, for appellees.

HOWELL, J. The original bill in this cause was filed by Lorene Justice, Agnes Cannon and Theona Moore, children of Allen C. Henley who died on November 12, 1941, in Grundy County, Tennessee, against his widow, Mrs. Martha Henley and E. C. Norvell Company, funeral directors at Tracy City, Tennessee, and alleges that Allen C. Henley left a will which was duly probated and which is set out in the bill and that no one had qualified

as personal representative of his estate, and prays for the appointment of an administrator and that the estate be administered under orders of the Court.

The defendant Martha Henley filed an answer and cross-bill in which she averred that many articles of personalty set out in the will were not the property of her deceased husband but belonged to her, and that Allen C. Henley was not the owner of a one-half interest in the real estate described in the bill and wrongfully had the deed to this property taken in the name of himself and her, when every dollar of the consideration was paid by her and she did not know until the will was probated that he claimed any interest in it whatever. The cross-bill prays that a decree be entered vesting. in her the title to the real property and such of the personalty as belonged to her.

The cross-defendants answered the cross-bill denying the material allegations and averring that the real estate involved was conveyed by deed to the deceased and his wife Martha J. Henley, as tenants in common on January 17, 1916, and that the cross-complainant is estopped to claim now a resulting or constructive trust in the one-half interest in this property by reason of laches.

The parties will be referred to as they appear originally as complainants and defendant.

Upon the hearing the Chancellor found in favor of the defendant and decreed that certain items of personalty set out in detail in the decree were the property of the defendant and that the defendant Martha J. Henley paid all the purchase money for the real estate involved and that the facts of the case created a resulting trust in her favor, she and her deceased husband having lived upon this property from the time it was purchased in 1916 until his death, and that any interest in said prop-

erty in the husband was held as Trustee for the defendant and that he, the deceased had no right or authority to convey the one-half interest in this land either by deed or will. The decree of the Chancellor vested title in the defendant to the house and lot and certain of the personalty and ordered a reference to the Clerk and Master as to solicitors fees.

The complainants have appealed and have assigned errors which raise principally two questions: Whether or not the Chancellor erred in overruling exceptions to certain testimony of the defendant Martha J. Henley, and whether or not the Chancellor erred in holding that the facts of this case created a resulting trust in favor of the defendant and in vesting title to the real estate in her.

The record does not disclose that proper exceptions were taken to the testimony complained of. The exceptions and rulings of the Chancellor are not set out in the body of the deposition and authenticated by the Chancellor as required by law. See, Section 8968 of Code of Tennessee; Gibson's Suits in Chancery, Section 538; Scales v. James, 9 Tenn. App., 306-308. We do not think however that the Chancellor erred in overruling the exceptions to the testimony of Mrs. Henley if such exceptions were made. This was a suit by the heirs of the deceased against the widow and involves the title and ownership of personalty and realty and was not an action by or against an executor or administrator as contemplated in Section 9780 of the Code. See Patterson v. Mitchell, 9 Tenn. App., 662-665; Beadles v. Alexander, 68 Tenn., 604-607.

The assignments of error as to the action of the Chancellor on exceptions to the testimony are overruled.

The real estate in question was conveyed to the deceased Allen C. Henley and his wife Martha Henley by

deed dated December 19, 1916, at a time when estates by the entirety did not exist by reason of the Act of the General Assembly of Tennessee of 1913, c. 26, emancipating married women from the disability of coverture.

We concur in the finding of fact by the Chancellor that the land in question was paid for by the defendant with her own funds and we find that the defendant's attention was not called to the manner in which the title to the property was vested until after her husband's death. There is no evidence to the contrary.

We are of the opinion that there is no error in the decree of the Chancellor vesting title to the property in the defendant. The defendant used her own money and paid it herself to the heirs from whom it was purchased and her husband procured the deed from the Clerk and Master. The evidence is clear and convincing and there is none to the contrary.

 In such a case a resulting trust arises and may be enforced in a Court of equity. This question is discussed by Faw, P. J., in the case of Walker v. Walker, 2 Tenn. App., 279, and on pages 292 et seq. it is said:

"Since the Act of 1913, chapter 26, destroyed the marital right of the husband to reduce to possession his wife's personalty, the agreement and consent of the husband that the wife's money should be invested in land for her benefit is no longer an important element in the establishment of a resulting trust in favor of the wife.

"Having no power to reduce the wife's funds or property to possession for his own benefit, the husband will be treated as the wife's agent, where he comes into possession of her property and manages or invests it with her consent. If an agent, with the money of his principal, purchases land and takes the deeds to himself, a trust will result to the principal.' 1 Perry on

Trusts (4 Ed.), sec. 127, p. 147; Hale v. Hale, 23 Tenn. (4 Humph.), 183, 185.

．　　．　　．　　．　　．　　．　　．

"Under practically all the modern authorities, a resulting trust may be established by parol evidence.

" 'The parol testimony is admitted, not to show an agreement to purchase for another, but to show that the purchase money was paid by the party claiming, notwithstanding the deed was taken in the name of another person.' Perkins v. Cheairs, 61 Tenn. (2 Baxt.), 194, 201."

The deceased Allen C. Henley and his wife, the defendant Martha Henley, lived upon the property bought with the money of the defendant until his death, the condition of the title did not come to the knowledge of the defendant until after her husband's death, and no estoppel or Statute of Limitations has run against her. Smith v. Cross, 125 Tenn., 159, 140 S. W., 1060.

We further concur with the Chancellor in his finding of fact as to the ownership of the articles of personalty as set out in the decree vesting title to same in the defendant.

All the findings of fact of the Chancellor are fully sustained by the evidence and we concur therein.

It results that all the assignments of error are overruled and the decree of the Chancellor affirmed.

The costs of the appeal will be paid by the appellants and their sureties and the costs of the Chancery Court as decreed by that Court. The cause will be remanded to the Chancery Court of Grundy County for further proceedings.

Affirmed and remanded.

Felts and Hickerson, JJ., concur.