# THOMAS G. TUCKER v. LLOYD MONROE JOLLAY and MARGARET WILSON PAYLOR.—311 S. W. (2d) 324.

Eastern Section.  December 5, 1957.

Petition for Certiorari denied by Supreme Court March 4, 1958.

O. L. White, Knoxville, for plaintiff in error Margaret Wilson Paylor.

Joseph A. McAfee, Knoxville, for defendant in error Thomas G. Tucker.

McAMIS, P. J. This will contest involves three wills executed by Mrs. Sara Mae Wilson who died February 20, 1956. The wills are dated as follows: December 5, 1954; December 7, 1954, and March 31, 1955. The jury sustained the will of March 31, 1955.

Margaret Wilson Paylor, a beneficiary under the purported will of December 7, 1954, has appealed insisting (1) the Court erred in refusing to charge the jury that, under T. C. A. sec. 34-1014, a conservator having been appointed to act for Mrs. Wilson, her contractual powers were those of a minor, thus limiting her to the right to dispose of personal property only; (2) that the Court erroneously refused to charge the jury that the will of December 5, 1954, was void and of no effect because executed on Sunday and (3) the Court erred in permitting Dr. Neunschwander to testify as to Mrs. Wilson's sanity without first "stating conversations, conditions and circumstances of the testatrix. * * *"

It is not insisted that there is no evidence to sustain a finding of mental competency on March 31, 1955, the date of the will sustained by the jury.

■ As to the first question, T. C. A. sec. 34-1008 sets forth, as the purpose of the Act, the appointment of a friend or relative as conservator of a person of such advanced age or physical incapacity or mental weakness that he is incapable of managing his own estate. Section 34-1014 provides:

"Limitation on contractual powers and obligations—Extent.—So long as there is a duly appointed conservator, the person whose property and/or person is in charge of such conservator shall be limited in his or her contractual powers and contractual obligations to the same extent as a minor."

Nothing in the Act lays a restriction upon the right to dispose of property by will. Its purpose was to provide a means of conserving the estate of persons unable to look after their own property due to a condition of physical or mental weakness. Such persons are not, per se, incapable of making a valid will and we can not read into the Act a provision making them so. The limitation upon their authority to contract, above quoted, follows T. C. A. sec. 34-1012, providing that a conservator shall have the same powers and duties as a guardian of a minor. It would be anomalous and confusing if both the conservator and the person for whom he was appointed could bind the estate by contract. To prevent that result the Act places a limitation upon the power to contract. A will takes effect, if at all, after death.

658

■ To sustain the second insistence, learned counsel seek to bring the execution of a will within the ban of T. C. A. sec. 39-4001 making it unlawful for any person to exercise "the common vocations of life" on Sunday. A "vocation" connotes some kind of employment, business, profession or calling. The making of a will is totally foreign to any such activities and, in our opinion, could not by any process of reasoning be brought within either the letter or the spirit of the statute.

"It is not considered a desecration of the Sabbath for a will to be executed on that day; and therefore, a will is not invalid because made on Sunday even though there are no unusual circumstances or special necessity for its execution on that day. The making of a will does not constitute 'common labor' or work in one's 'usual avocation' within the meaning of Sunday 'blue laws' ". 57 Am. Jur., 193, Wills, Section 232.

■ There was no error in permitting Dr. Neunschwander, who was Mrs. Wilson's attending physician, to testify that she was a person of sound mind, without stating the basis for his opinion. Phillips' Pritchard Law of Wills, Section 107.

■ There is also assigned as error the admission of certain evidence. As pointed out in the reply brief, this ruling was not set out in the motion for a new trial and, since the case was tried to a jury, we can not consider it.

Affirmed at the cost of plaintiff in error Margaret Wilson Paylor and surety on the appeal bond and remanded.

Hale and Howard, JJ., concur.