Dorothy H. ROSSI, Appellant,

v.

Earl A. FLETCHER, Appellee.

No. 22270.

United States Court of Appeals
District of Columbia Circuit.

Argued April 4, 1969.

Decided June 27, 1969.

Certiorari Denied Jan. 12, 1970.
See 90 S.Ct. 568.

Mr. William D. Donnelly, Washington, D.C., for appellant.

Mr. Jeremiah C. Collins, Washington, D. C., with whom Mr. William E. McDaniels, Washington, D. C., was on the brief, for appellee. Mr. Francis L. Young, Washington, D. C., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellant Rossi, favored beneficiary of an earlier will, claims that the invalidity of a subsequent will is conclusively established by the fact that the testatrix was at the time an adult ward of a conservator appointed by the court under D.C. Code § 21-1501. The District Court found that the testatrix possessed testamentary capacity when the second will was executed, and this is not disputed. The District Court concluded that a will made by a person with testamentary capacity is valid notwithstanding the testatrix' status as a ward of a conservatorship. Our interpretation of the Code provisions at issue leads us to the same conclusion, and we accordingly affirm the judgment of the District Court.[1]

## 1. THE VOIDING CLAUSE OF THE CONSERVATORSHIP STATUTE

Section 21-1501 of the Code provides for the appointment of a conservator of the property of an adult residing or owning property in the District who is unable to care for it "by reason of advanced age, mental weakness not amounting to unsoundness of mind, mental illness, * * * or physical incapacity." The voiding clause, D.C. Code

---

1. The judgment denied appellant's caveat complaint and admitted to probate the later will executed during the conservatorship.

§ 21–1507,[2] provides that "[u]pon the filing of a petition [for appointment of a conservator] under this chapter, a certified copy of the petition may be filed for record in the office of the Recorder of Deeds of the District of Columbia. If a conservator is appointed on the petition, *all contracts, except for necessaries, and all transfers of real and personal property made by the ward after the filing and before the termination of the conservatorship are void.*" (Emphasis supplied.)

We do not think the language voiding a "transfer of real and personal property" suffices in and of itself to cover wills not otherwise voidable under general doctrine. Appellant relies upon a single sentence in a letter from a District Court judge urging enactment of the conservatorship statute in which he described the case of an old woman who, at the behest of a roomer, made inter vivos transfers of property to him and also executed an improvident will favoring him.[3] This lonely reference to a will in an item of legislative history does not persuade us that the voiding clause was intended to afford a new remedy for wills already voidable if procured by undue influence, at the price of creating a whole class of persons who would be incapable of executing wills regardless of their mental capacity.

■ The conservatorship statute was designed to preserve the estate of persons who are unable to manage their own property. It cannot accomplish its protective purpose unless the conservator has exclusive authority to transact business for the ward. But the fact that a person is incapable of managing his property actively during his life does not necessarily suggest that he is incapable of deciding who shall inherit it upon his death. Similar statutes in other jurisdictions are uniformly construed so that voiding clauses apply only to inter vivos transactions. See, *e.g.*, Skelton v. Davis, 133 So.2d 432, 89 A.L.R.2d 1114 (Fla.App.1961); In Re Worrall's Estate, 53 Cal.App.2d 243, 127 P.2d 593 (1942). We similarly conclude that persons subject to a conservatorship "are not, per se, incapable of making a valid will and we cannot read into the Act a provision making them so." Tucker v. Jollay, 43 Tenn.App. 655, 311 S.W.2d 324, 325 (1957).

## 2. THE TESTAMENTARY CAPACITY CLAUSE OF THE WILLS STATUTE

Appellant also relies upon the wills statute, D.C. Code § 18–102, which provides that a will is not valid unless the person making it is of the required age and at the time of executing or acknowledging it is "of sound and disposing mind and *capable of executing a valid deed or contract.*" (Emphasis supplied.)

The District of Columbia capacity clause including the phrase "capable of executing a valid deed or contract" was adopted from the Maryland Probate Act of 1798. Maryland and the District are the only jurisdictions including this condition in the definition of testamentary capacity. Appellant makes a showing that under the Maryland statute the clause historically operated to deny testamentary capacity to whole classes of persons for reasons of policy having nothing to do with established mental infirmity. In the dim past, the clause excluded married women and slaves from testamentary capacity. When women were given the right to contract and the disabilities of slavery disappeared, the contract provision fell into desuetude. Appellant claims that the enactment of the conservatorship statute

---

2. The voiding clause and the definition of testamentary capacity in effect when the will at issue was executed were subsequently amended in form, codified and re-enacted as part of a single Act, P.L. 89–183, Act of September 14, 1965, 79 Stat. 685, effective January 1, 1966 (D.C.Code (1967)). The substance of the provisions was not changed, and the specific phrases at issue here remained the same. The citations are to the amended Code sections.

3. The letter from Judge H. A. Schweinhaut dated June 2, 1951, was located by appellant among the original materials of the House Committee on the District of Columbia in files deposited in the Archives.

in 1951 revived the contract condition and created a new class, like married women and slaves of yore, who are disabled from making wills, for reasons other than natural infirmity, because they are disabled from entering into contracts.

We do not believe that Congress meant to pour such strong new wine into such a musty bottle. We think the logic of a syllogism based on the words must yield to the realistic consideration that, if Congress had intended to deprive persons subject to conservatorships of testamentary capacity, it would have written that disability directly into the voiding clause of the conservatorship statute, and would not have reached that result by the roundabout route mapped by appellant. The right to make a will is an historic and integral aspect of a free society, available to persons of "memory and mind enough" to dispose of their property upon death as they choose. Barbour v. Moore, 4 App. D.C. 535, 547 (1894). It would take direct and express language, and not this kind of indirection and implication, to lead us to conclude that Congress intended to change the basic principles and deprive mentally competent persons of testamentary capacity.

Affirmed.