In the Matter of William C. KLOMAN, Jr.,
Adult Ward, Appellant.

No. 7492.

District of Columbia Court of Appeals.

Argued Dec. 14, 1973.

Decided Feb. 26, 1974.

Llewellyn C. Thomas, Washington, D. C., for appellant.

Matthew A. Kane, Washington, D. C., for appellee. Al Philip Kane, Washington, D. C., also entered an appearance for appellee.

Albert E. Brault, Washington, D. C., guardian ad litem. No brief was filed.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

FICKLING, Associate Judge.

This is an appeal from an order appointing a conservator for the estate of William C. Kloman, Jr. The trial court held that Mr. Kloman was unable to properly care for his property. Mr. Kloman contends that there is no basis in the record to support such finding. We agree.

Mr. Kloman is entitled to receive approximately $24,000 from his mother's estate and $3,000 annually from his father's estate. The executors and trustees of these estates, however, have withheld payment to Mr. Kloman because of his long history of mental illness. Consequently, this suit was brought by a trustee of his father's estate—his half sister, Rose B. DuBois—to have a conservator appointed to handle Mr. Kloman's financial affairs so that his inheritance could safely be distributed. In his answer to the suit, Mr. Kloman denied that "he is unable by reason of mental illness, or any other disability, properly to care for his property."

By agreement of counsel the case was submitted to the court for decision upon the pleadings and the comprehensive report of the guardian ad litem.

The following facts and conclusions were set forth in the guardian's report: Mr. Kloman was born October 19, 1915. He married the now deceased Clara A. Kloman in 1937. Two sons, now adults, were born of that marriage. Mr. Kloman served in the United States Navy from 1942 until he received a medical discharge in 1944. On two occasions prior to his marriage and once thereafter, he was committed to D. C. General Hospital for periods of 10 months each, following altercations with members of his family. In 1960 he was found not guilty of assaulting a police officer by reason of insanity and committed to St. Elizabeths Hospital, where he was diagnosed as a paranoid schizophrenic. He was a patient at St. Elizabeths until March 17, 1972, at which time he was given an unconditional release by order of the United States District Court. This order dated March 17, 1972, stated that Mr. Kloman had recovered his sanity and would not be dangerous to himself or others within the reasonable future by reason of mental disorder. Upon leaving St. Elizabeths Hospital, Mr. Kloman was admitted to the Veterans Administration facility at Martinsburg, West Virginia, where he still resides. He is free to come and go as he pleases and may sign himself out permanently at any time. At the Veterans facility, he was given psychological examinations to determine if he could handle his own pension amounting to approximately $500 per month. Although it was found that he was competent to handle his pen-

sion, payments have been held in abeyance pending the outcome of this appeal.

The guardian ad litem states in his report that Mr. Kloman "appears to be physically well and mentally competent and does not display any reason for being unable to handle his own funds or his own affairs except that he has been confined to an institution since 1958 and has not had the responsibility of handling funds or providing for his own care and maintenance . . . ." He states further that Mr. Kloman was most cooperative, displayed an unusual memory in telling his personal family history, his various employments, and his misfortunes resulting in his confinement at St. Elizabeths Hospital. The guardian's interviews with members of Mr. Kloman's family make no reference to his ability to handle his property. In concluding the report, the guardian states that he would not recommend the appointment of a conservator in the absence of some additional psychological or psychiatric opinion based upon recent examination, and he expressed some doubt concerning Mr. Kloman's ability to adjust to a nonprotective environment because of his length of stay at St. Elizabeths Hospital.

The issue before us is whether the conservatorship statute[1] requires more than proof of a particular condition before a conservator may be appointed. We hold in the affirmative.

"The conservatorship statute was designed to preserve the estates of persons who are unable to manage their own property." Rossi v. Fletcher, 135 U.S.App.D.C. 333, 334, 418 F.2d 1169, 1170 (1969), cert.

[1]. D.C.Code 1973, § 21-1501, provides:
When an adult residing in or having property in the District of Columbia is unable, by reason of advanced age, mental weakness not amounting to unsoundness of mind, mental illness, as the latter term is defined by section 21-501, or physical incapacity, properly to care for his property, the Superior Court of the District of Columbia

may, upon his petition or the sworn petition of one or more of his relatives or any other person or persons, appoint a fit person to be conservator of his property.

Mental illness is defined in Section 21-501 of the hospitalization statute as "a psychosis or other disease which substantially impairs the mental health of a person."

denied, 396 U.S. 1009, 90 S.Ct. 568, 24 L. Ed.2d 501 (1970). The statute requires a showing that the adult in question, by reason of mental weakness not amounting to unsoundness of mind, is unable to care for his property.[2] This inability, moreover, must be a present one; it is not enough to prove a prior mental condition; nor is it enough to allege that there may be an inability to handle property at an uncertain time in the future.[3] *See* Annot., 9 A.L.R. 3d 774 (1966). *See generally* Zenoff, Civil Incompetency in the District of Columbia, 32 Geo.Wash.L.Rev. 243, 251–56 (1963). Thus, unless there is evidence of a present inability to manage property by reason of mental weakness, the court is not warranted in appointing a conservator.

■ In the instant case there is no such evidence in the record. The report of the guardian ad litem states that Mr. Kloman is presently competent to handle his property. We hold, therefore, that the court erred in granting the petition for appointment of a conservator. If at some future date Mr. Kloman should become unable to manage his property, a new petition could then be filed.

Reversed.

GALLAGHER, Associate Judge, (dissenting):

While the evidence is conflicting, my review of the record shows substantial evidence supporting the trial court's appointment of a conservator. I am unable to say that its finding that a conservator should be appointed is clearly erroneous. D.C. Code 1973, § 17–305(a). Since this is the only test applicable upon this review, I would affirm.

2. A conservator may also be appointed where an adult by reason of old age, physical incapacity, or mental illness, cannot manage his property. However, these types of incompetence are not relevant here where appellant is 58 years old, in good physical health, and has recently been discharged from St. Elizabeths Hospital.

3. In the related area of commitment to a mental hospital due to mental illness, Congress has recognized that there must be an additional finding of incompetency to deprive a person of his right to handle his financial affairs. D.C.Code 1973, § 21–564.