Teresa Ann ASKEW, Robert Allen Askew and Deborah Lynn Askew Lavender, Appellants,

v.

Lexie Paul ASKEW, Executor of the Estate of Bobby Joe Askew, Appellee.

Court of Appeals of Tennessee, Eastern Section.

Feb. 4, 1981.

Application for Permission to Appeal Denied by Supreme Court April 27, 1981.

LeRoy Phillips, Jr., and Martin J. Levitt of Phillips, Cash & Levitt, Chattanooga, for appellants.

Harry Berke of Berke, Berke & Berke, Chattanooga, for appellee.

OPINION

PARROTT, Presiding Judge.

In this will contest the jury found in favor of the will and judgment was accordingly entered.

Contestants-appellants are the three children of testator, Bobby Joe Askew. The proponent of the will, Lexie Paul Askew, is the brother of the testator and the named executor and trustee.

The bulk of the estate is $250,000.00 of life insurance. The will devised to the three children in equal shares all real estate, clothing, jewelry, household goods, personal effects, automobiles, and other tangible properties. The bone of contention is the bequest which provides that each of Lexie Paul Askew's two children be given $25,000.00 to be used for college expenses. In the event either of the nephews does not go to college, the bequest is void. Any funds not used for college expenses will apparently be disbursed to the testator's children through the trust set up for their benefit. The remainder of the estate was placed in trust to be administered by Lexie

Paul Askew. The trustee was required to always maintain a balance in the trust estate of $50,000.00 to meet the college expenses of the two nephews. The remainder of the trust was to be paid to the three children with each receiving $1,000.00 a month.

The contestants charge that the testator did not have mental competency and that there was a confidential relationship between the testator and executor at the time the will was executed and the executor exercised undue influence on the testator. In this appeal contestants have abandoned the charge of mental incompetency but insist the circuit judge erred in not charging that as a matter of law the confidential relationship existed, and the circuit judge erred in refusing to charge the jury that as a matter of law the proponent had failed to prove the testator received independent advice.

Bobby Joe Askew was a commercial airplane pilot and flight instructor. He was 44 years of age at his death and for a number of years preceding his death had been a chronic alcoholic. The will was executed on January 23, 1979, and testator died on February 10, 1979. As early as 1977, Bobby Joe Askew suffered from an alcohol induced seizure while in Las Vegas, Nevada. His employer sent him to a diagnostic hospital for treatment. In September 1978, Askew was admitted to Valley Psychiatric Hospital. His physical condition was described as being very poor and he was unable to walk as far as 50 yards without difficulty. He did not take the full treatment at Valley but voluntarily discharged himself. He did not stop drinking until November 1978, some two months prior to the execution of the will.

In the spring of 1978 executor Lexie Paul Askew and his wife separated and he went to live in the house with his brother Bobby Joe Askew who was also separated or divorced from his second wife. The divorce from the second wife was very upsetting to Bobby Joe and he appeared to be in a depressed state.

In December 1978 Bobby Joe Askew was admitted to Tri-County Hospital for treatment of cirrhosis of the liver and other complications. Shortly before he was admitted to the hospital Lexie Paul Askew says Bobby Joe asked him to take care of his affairs and pay his bills. Bobby Joe gave to his brother his billfold and from that day Lexie Paul handled all the finances and other affairs of Bobby Joe. Lexie Paul opened a savings account in his and his wife's names and put approximately $52,-000.00 of Bobby Joe's money in the account. Lexie Paul paid all his brother's bills and made inquiry on charges on Bobby Joe's credit card accounts made by other persons. In connection with the charges on the credit card, Bobby Joe executed a power of attorney to Lexie Paul who saw to it that the holders of the cards turned them into the bank and the charges were stopped.

According to Lexie Paul Askew, his brother asked him to call attorney Bob Lawson, who was representing Lexie Paul in the divorce case, for the purpose of drawing a will. Mr. Lawson had previously represented Bobby Joe Askew in two divorces. Mr. Lawson came to Tri-County Hospital and met with Bobby Joe Askew. Lexie Paul also was present at this meeting. Attorney Lawson testified that Bobby Joe had mentioned to him about making a will on several occasions. On January 15th Bobby Joe was discharged from Tri-County Hospital with a prognosis that he would live less than a year. On January 20th Attorney Lawson went to the Askew home for the purpose of finalizing the will. Bobby Joe advised him again that he wanted to leave his nephews $25,000.00 each to be used for a college education. At that meeting it was agreed that on the next Tuesday Mr. Lawson would bring the will to the Askew home. There were present Paul Askew, Jo Hobbs, and Brad Crouch. Attorney Lawson testified that privately in the bedroom he read every word of the will to the testator. After the testator advised Attorney Lawson that the will was proper, Jo Hobbs and Lexie Paul Askew were asked into the room Attorney Lawson and Jo Hobbs formally witnessed the execution of the will. It was

the testimony of Attorney Lawson that in his opinion no one influenced the testator and the contents of the will were exactly what the testator desired. From January 23rd, the date the will was executed, Bobby Joe Askew's health steadily and quickly deteriorated until his death on February 10th.

It should be noted, even though mental incompetence is not relied on in this Court, that every single witness, including the contestants and at least two physicians, testified that the testator was mentally competent on the date of the execution of the will. Further, all three contestants, along with other witnesses, testified that the testator was a strong-willed person and it was either difficult or impossible for another to influence him. We do not have any direct testimony or evidence that the testator was unduly influenced. In our reading of the record we find no evidence from which the jury could infer undue influence.

We will now consider appellant's insistence that they were entitled to a directed verdict on the issue of a confidential relationship. We do not agree with this insistence but do note that the circuit judge charged: "Further, recipient of a general power of attorney is a fiduciary, or one in a position of trust, and occupies a confidential relationship with a person giving the power of attorney." The effect of the above quoted charge is the same as a directed verdict. If the jury did find a confidential relationship existed, the proponent of the will offered evidence from which the jury could have found that the testator received independent advice from his attorney so as to rebut the presumption of invalidity. Attorney Lawson testified that on two occasions he met with the testator privately and fully discussed the will.

In *Richmond v. Christian*, 555 S.W.2d 105 (Tenn.1977), a case involving a deed from a mother to a son, the Supreme Court in setting aside the deed said:

It is well established that when two parties enter into a confidential or fiduciary relationship and the dominant party receives a gift or other benefit from the other party a presumption arises that some improper advantage was taken "... either of the confidential relation existing ... or of the weakness and frailty of the party from whom the benefit was received, ..." thus rendering the transaction invalid. (cases cited)

The presumption of invalidity, however, is rebuttable and the rule in this State is that clear and convincing evidence of fairness will suffice. Proof that the donor received independent advice respecting the consequences and advisability of the gift is one example, but not the only one, of such proof of fairness. (cases cited)

Independent advice is ordinarily required where it is a reasonable requirement and where the circumstances are such that it would be difficult to show the fairness of the transaction without proof of independent advice, particularly, where the donor is impoverished by the gift in question or the gift seems to be unnatural under the circumstances of the case. (cases cited)

In the recent case of *Parham v. Walker*, 568 S.W.2d 622 (Tenn.App.1978), this Court, speaking through Judge Nearn, held that a relationship of conservator-ward was one of those legal relationships which would establish as a matter of law a confidential relationship. We know of no case in which the execution of a power of attorney establishes a similar relationship. In *Parham v. Walker*, supra, it was said:

It is not influence upon a capable mind that is prohibited. It is the undue influence thereof which is the subject of judicial condemnation. *Patterson v. Mitchell* (1929 M.S.) 9 Tenn.App. 662. For the doctrine of undue influence to be applicable there must be a confidential relationship in existence whereby one party (donee-grantee-beneficiary) is in a position, because of the confidential relationship, to exercise undue influence over the mind and will of the other (donor-grantor-testator). *Turner v. Leathers* (1950) 191 Tenn. 292, 232 S.W.2d 269. The burden is upon the one who alleges the existence of such a confidential relationship to prove it. *In re Estate of Rhodes* (1968) 222 Tenn. 394, 436 S.W.2d 429. Once its existence is proven, undue influence is pre-

sumed and the recipient must prove an exception to the presumption by carrying the burden of showing the fairness of the transaction and the non-existence of the presumed undue influence. If the recipient fails in that burden, the transaction is presumed void. *Miller v. Proctor* (1940 M.S.) 24 Tenn.App. 439, 145 S.W.2d 807. There are recognized ways to disprove the existence of undue influence such as independent, competent advice, but they need not here be discussed.

When we examine the court's charge in the light of the above mentioned cases and other authorities, it appears that the charge was correct and if it favored anyone, it favored the contestants and not the proponent of the will.

We deem it unnecessary to set out in detail the voluminous parts of the charge challenged or the lengthy requests submitted. To do so would unduly lengthen this opinion and make no contribution.

Having found the charge to be fair, we affirm the judgment as entered with costs taxed to appellants.

SANDERS and GODDARD, JJ., concur.