IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2003, Session

# IN RE: THE ESTATE OF NOLA MAE MULLINS, Deceased, by Clyde Bolinger v. Mary Panther

**Direct Appeal from the Chancery Court for Claiborne County**
**No. 1641      Hon. John McAfee, Judge**

**FILED APRIL 3, 2003**

**No. E2002-02094-COA-R3-CV**

Administrators of the Estate petitioned the Court to require respondent to account for funds held by her by virtue of her power of attorney for deceased.  We affirm the Trial Judge's Order requiring an accounting.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Johnny V. Dunaway, LaFollette, Tennessee, for Appellant.

David H. Stanifer, Tazewell, Tennessee, for Appellee.

**OPINION**

        In this action the administrators of the Estate sought an accounting from respondent who had been given a power of attorney by the deceased.  The Trial Court overruled respondent's Motion to Dismiss for Failure to State a Claim, pursuant to Tenn. R. Civ. P. 12.02, and said pursuant to Tenn. R. Civ. P. 54, there was no reason to delay an appeal of his holding and ordered respondent to file an accounting if an appeal of his ruling was not perfected within 30 days.[1]

---

[1]While the Trial Court's Order does not comply with the requirements of Tenn. R. Civ. P. 54, the Order grants all the relief requested by the administrators, and the Trial Court intended his Order to be an appealable judgment.

The deceased, during her lifetime, had executed a power of attorney in favor of her sister, the respondent. Decedent died in 1999, and petitioners were appointed as administrators of the estate. The Petition alleged that decedent's worth was in excess of $500,000.00. They requested an accounting from respondent for her management of these assets. Respondent denied the size of the estate and refused to provide a formal accounting. She did concede she had made certain transfers using the power of attorney but said that all transactions were at the specific request of decedent.

The scope of appellate review in non-jury matters is *de novo* upon the record, with a presumption of correctness of the lower court's factual determinations. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). The Trial Court's conclusions of law, however, are not afforded any presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996). The issues raised on motion to dismiss are questions of law and the scope of review is *de novo* with no presumption of correctness. Tenn. R.App. P. 13(d); *Winchester v. Little,* 996 S.W.2d 818, 821 -822 (Tenn. Ct. App.1998).

For the purpose of a motion to dismiss filed pursuant to Tenn. R. App. P. 12.02, all relevant and material allegations of fact are presumed to be true. *Riggs v. Burson,* 941 S.W.2d 44 (Tenn. 1997). In construing a motion to dismiss, courts should construe the pleading liberally in favor of the petitioner. *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848-849 (Tenn.1978).

The petition in this case alleges as facts that the petitioners are administrators of decedent's estate and respondent held a power of attorney, and the estate had been diminished. Further, that respondent made gifts to herself and others and refused to account to the administrators. Respondent argues that there are many deficiencies in the Petition, and insists they are fatal, e.g., there is no allegation of specific wrongdoing, such as undue influence, conversion, breach of duty, or failure to allege a presumption of a confidential relationship. Respondent's argument relies upon cases holding that undue influence or other malfeasance must be specifically pled. This argument misperceives the nature of the relief sought. Petitioners do not allege any wrongdoing, nor are they required to do so. The relief sought is the assistance of the Court in performing their fiduciary duty to the estate, which includes identifying and marshaling the assets of the estate for the benefit of heirs. The facts contained in the Petition establish petitioners' basis and authority to obtain information, without making legal conclusions or drawing impermissible inferences. In this regard *see, Ferguson v. Moore,* 348 S.W.2d 496 (Tenn. 1961); *Paduch v. City of Johnson City*, 896 S.W.2d 767, 769 (Tenn. 1995); and *Simpson v. Harper*, 111 S.W.2d 882 (Tenn. Ct. App. 1937).

It is well settled that the execution of a power of attorney creates a confidential or fiduciary relationship between the attorney in fact and the grantor of the power. *Matlock v. Simpson,* 902 S.W.2d 384 (Tenn. 1995); *Mitchell v. Smith,* 779 S.W.2d 384 (Tenn. Ct. App. 1989); *Askew v. Askew,* 619 S.W.2d 384 (Tenn. Ct. App. 1981).

Respondent argues the law requires that a power of attorney must be unrestricted in order to establish a confidential relationship, *citing, Matlock and Mitchell,* as well as other cases. However, none of these cases dealt with whether or not the power must be unrestricted.

The courts recognize that a confidential relationship exists as a matter of law whenever a fiduciary duty is involved by virtue of the legal status of the parties, such as guardian and ward, etc. *Kelly v. Allen,* 558 S.W.2d 845, 848 (Tenn. 1977). This Court has held that a power of attorney creates an agency relationship which is fiduciary in nature, and while respondent relied on *Johnson v. Craycraft,* 914 S.W.2d 506 (Tenn. Ct. App. 1995), that Court ruled that a confidential relationship arose between the parties as a matter of law when the power of attorney was executed.

The relationship between the holder of a power of attorney and the principal is subject to the laws of agency. *Eaton ex rel. Johnson v. Eaton,* 83 S.W.3d 131, 135 (Tenn. Ct. App. 2001). "An agent is simply '[o]ne who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it.'" *Allstate Ins. Co. v. Wilson,* 856 S.W.2d 706, 715 (Tenn. Ct. App. 1992). "An agent is bound to keep correct and intelligible records and to report when called upon, unless such duty is excused by the particular character of the agency, or rendered unnecessary or impractical by the conduct of the principal." *Evans v. Boggs,* 245 S.W.2d 641, 655 (Tenn. Ct. App. 1951).

Personal representatives of an estate have both the right and a fiduciary duty to marshal and collect the assets of an estate, to enforce choses in action which existed in favor of the deceased, and to distribute the estate in a timely manner. *Estate of Doyle v. Hunt,* 60 S.W.3d 838, 844 (Tenn. Ct. App. 2001); *Campbell v. Miller,* 562 S.W.2d 827, 832 (Tenn. Ct. App. 1977). Petitioners, in the discharge of their duty, have properly asked the Court to require respondent to account for her actions taken on behalf of decedent, and require her to account for all the assets coming into her hands in her fiduciary capacity.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Mary Panther.

 

 

_____
HERSCHEL PICKENS FRANKS, J.